On March 22, 1929, Will House and Lou Pearl House acquired lots 1, 2 and 3, block 16, Bray Addition to the town of Leesville, Vernon Parish, by deed from Columbus Pitre, which deed was duly recorded in the Conveyance Records of the Parish of Vernon on May 5, 1931. On January 20, 1938, Will House and Lou Pearl House sold to plaintiff lots 7, 8, and 9, block 9 of Bray Addition to the town of Leesville, Vernon. Parish, which deed was recorded in the Conveyance Records of the Parish of Vernon on January 27, 1939. However, plaintiff went into actual, physical and corporeal possession of lots 1, 2 and 3, block 16, Bray Addition. On May 4, 1940, A.L. Jones acquired by tax deed from the sheriff of the parish of Vernon lots 1, 2, and 3 of block 16, Bray Addition to Leesville, under an assessment in the name of Will House and wife, for the year 1939, which deed was recorded on May 15, 1940.
On October 1, 1943, plaintiff brought this suit against Will House and Lou Pearl House to reform the deed from Will House and Lou Pearl House to himself so as to show that the lots 1, 2 and 3 of block 16, Bray Addition to Leesville, which vendors owned, were intended and were sold to him rather than Lots 7, 8 and 9 of block 9 of the Bray Addition, which lots his vendors did not own but was the property of another or a third person, and against A.L. Jones to set aside the tax deed supra, and also a tax deed by the Tax Collector of the Town of Leesville on July 31, 1940, under an assessment of the lots in the name of Will House and wife for the year 1939. The grounds on which the tax sales are attacked are that (1) the property was unlawfully assessed to Will House and wife, who were not the owners thereof, for the year 1939, (2) neither plaintiff nor the Houses were served with a notice of delinquency as required by law.
The Houses made no appearance and judgment was rendered against them by default on November 5, 1943, reforming the deed, however, without prejudice to such rights of the codefendant A.L. Jones.
Defendant Jones, in answer, admitted the purchases at tax sale of the property, but denied all of the remainder of plaintiff's petion, set up the validity of the tax sales, and prayed for the affirmance and confirmation of his title to the property and that he be decreed entitled to the possession thereof.
The lower court dismissed plaintiff's suit at his costs as to defendant Jones, and rendered judgment in favor of Jones and against plaintiff, recognizing Jones as the true and lawful owner of lots 1, 2 and 3, block 16 of the Bray Addition to the Town *Page 640 
of Leesville, and ordering plaintiff to vacate and give possession of the said lots to Jones. Plaintiff has appealed.
[1-3] By Section 2 of Act No. 140 of 1890, it is provided that the assessor of the several parishes of the State, for the purpose of taxation and tax sales, shall assess all property in the name of the record owner as shown by the recorder's office of the parishes; to the same effect is also Section 53 of Act No. 170 of 1898. On January 1, 1939, and in fact thereafter until suit was filed, the record owners of the property involved herein were Will House and his wife. The fact that there was an error in the description of the lots in the sale of property from House to plaintiff unknown to the assessor does not make the assessment erroneous. The assessor's duties are to assess the property as of January 1 of the year for which the assessment is made. Even had there been no error in the deed, the assessment in the name of Will House and wife would have been a valid assessment as the deed from the Houses to plaintiff was not filed and recorded in the recorder's office for the Parish of Vernon until January 27, 1939. The assessor is not called upon continuously to inspect the recorder's office for the sale of properties, and to alter and change his assessment rolls. The Supreme Court, in the case of Southern Insurance Co. v. Board of Assessors, 49 La. Ann. 401, 21 So. 913, held that "the levying of taxes is for the 'calendar year,' and the 'assessment' of property for the 'purpose of levying' the 'annual taxes,' is likewise for the calendar year. So, when the law provides that assessment is to begin on the 2d of January, and completed on the 1st day of March (now May 1st — our insertion), it contemplates an assessment on the basis of the condition of things existing on the 1st of January." The application of the doctrine of that case, it having been cited and approved in many subsequent cases, to the facts in the present case fully convinces us that the assessment in the name of Will House and wife was a valid assessment and plaintiff's first ground of attack is untenable.
[4, 5] As to plaintiff's second ground of attack to the tax sale, that is, that neither the Houses nor he received any notice of delinquency of the taxes due, we find that it is not well taken. The evidence in this case shows that a notice of delinquency was mailed to the tax debtor and a return receipt signed "Will House by Ben Leran" was returned to the sheriff's office. The testimony of Will House is that Ben Leran is his stepson; that Leran gave him the notices, one sent by the sheriff the other sent by the tax collector for Leesville, and that he gave the notices to plaintiff. It is well settled, without the citing of authorities, that the notice of delinquency of taxes due is to be served on the record owner of the property at the time of the mailing of such notice and the sale of the property by the tax collector. At the time of the mailing of the notice and the sale of the property, the record owners of the property were Will House and his wife.
[6] The plaintiff testified that he immediately took possession of the property, that is, on January 28, 1938, and was in possession of the same from then on and up to the filing of this suit; that no notice was served on him by the sheriff or the tax collector for the town of Leesville nor by the defendant; that defendant, a few days after defendant's purchase of the property, visited the premises, ascertained that he, plaintiff, was in possession of the same and did not give him any notice of the purchase of the property at tax sale; that he only ascertained that the property had been sold for taxes in 1940 for the taxes of 1939 when defendant, in 1943, after the three years' redemption had expired, so informed him. He had paid the taxes on lots 7, 8 and 9 of block 9 of the Bray Addition for the years 1939 and following, under an assessment in his name, constituting a dual assessment and payment of taxes thereunder. He contends that he is entitled to an equitable consideration of the case under Civil Code, art. 21, which provides that "In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent." There is no law which provides that the assessor shall assess property to one in possession thereof, nor is there any law which requires the giving of notice of delinquency by the sheriff to one in possession. There is, however, express law and jurisprudence affecting and controlling a case as such under consideration, and we therefore cannot consider the equities which may exist in plaintiff's favor.
For these reasons, the judgment appealed from is affirmed. *Page 641